**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD DESHIELDS** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 24-2749** |
| | : | |
| **GM FINANCIAL CORPORATION and ROLLS AUTO DEALERSHIP** | : | |

**McHUGH, J.** **September 25, 2024**

**MEMORANDUM**

This is a *pro se* consumer protection case against GM Financial Corporation and Rolls Auto Dealership. Plaintiff Richard DeShields brings several claims related to his financed purchase of a Dodge Durango. Defendant GM Financial moves to dismiss the Complaint in full for failure to state a claim. For the reasons that follow, I will grant this motion but allow DeShields to amend his Complaint to restate his claims with sufficient clarity.

## I. Relevant Background

Mr. DeShields' Complaint lacks most of the critical information. Though the alleged facts are sparse, I will recount them here. DeShields alleges that he obtained a loan from GM Financial to purchase a Dodge Durango from Rolls Auto Dealership. Compl. ¶ 3, ECF 1 Ex. 1. The purchase and loan execution in question occurred in August 2022. Def.'s Mot. to Dismiss, Ex. 1 at 5, ECF 4. To receive this loan, DeShields provided personal information, including his social security number, to Defendants. Compl. ¶ 6. He was required to pay a $5,000 down payment as part of the total $38,000 purchase price of the Durango. *Id.* ¶¶ 3-4. To drive away from the dealership with the purchased Durango, Rolls Auto required DeShields to provide proof of insurance. *Id.* ¶ 5. Information related to this loan ended up on DeShields' consumer report. *Id.* ¶ 9. According to DeShields, "[t]he onset of this complaint arose on February 17, 2024." *Id.* ¶ 3. On this day, a

letter was sent to Defendants to "Cease and desist the reporting of [the vehicle] debt immediately" and notifying them that DeShields did not give them permission to "place anything on his credit profile." *Id.* ¶ 9.

On May 24, 2024, DeShields filed a *pro se* Complaint in the Philadelphia Court of Common Pleas alleging that GM Financial Corporation and Rolls Auto Dealership violated federal and state consumer protection laws. On June 24, 2024, Defendant GM Financial removed the case to this court. ECF 1. On July 1, 2024, GM Financial moved to dismiss the claims against them in their entirety with prejudice. Def.'s Mot. to Dismiss. DeShields did not respond. Of note, neither Defendant GM Financial nor Defendant Rolls Auto Dealership were ever served.

## II. Standard of Review

Within the Third Circuit, motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Because Plaintiff is *pro se*, the Complaint is held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and the Court must "liberally construe" the pleadings. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citations omitted). However, "[*p*]*ro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Plaintiff has not responded to the Motion to Dismiss. I will nevertheless analyze the Complaint to determine whether it states a claim. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (holding that a district court granting an unopposed motion to dismiss in a *pro*

*se* case must ordinarily engage in an analysis of the merits).

## III. Discussion

Plaintiff's claims arise under the Truth in Lending Act ("TILA"), the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), federal criminal statutes, and Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL").[1] As discussed below, each of these claims fails as pleaded.

### A. Truth in Lending Act

Mr. DeShields claims that Defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1638, by charging Plaintiff a down payment for the vehicle purchase, failing to disclose that insurance was required to pick up the vehicle, failing to provide gap insurance, and paying the car seller directly for the vehicle. Compl. ¶¶ 4-7. However, Plaintiff fails to connect these conclusory allegations to any specific provision or requirement of TILA or to any facts indicating that either Defendant violated TILA. Accordingly, DeShields has not stated a plausible claim and his TILA claims will be dismissed.

Section 1638 of TILA sets forth disclosures that creditors must make to consumers in credit transactions. 15 U.S.C. § 1638. DeShields' claim that Defendants failed to make the required Section 1638 disclosures depends on the content of the Durango financing agreement. Thus, the content of any financing agreement is integral to this claim. Though DeShields did not attach the financing agreement and alleges few facts about its contents, Defendant GM Financial attached the disputed Retail Installment Sale Contract (RISC) to their Motion to Dismiss. Def.'s Mot. to

[1] The Complaint lacks clarity as to whether each claim applies to both Defendants or just one. Therefore, I will liberally construe each claim to be against GM Financial for the purpose of this motion.

Dismiss, Ex. 1, ECF 4.1. The Third Circuit has held that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). DeShields does not dispute that this document is authentic, its authenticity is supported by affidavit, and it contains details described in the Complaint.[2] I therefore will consider the attached RISC.

First, Mr. DeShields alleges that Defendants violated TILA by charging Plaintiff with a "'down payment' of $5,000.00." Compl. ¶ 4. Although TILA requires that creditors disclose the "amount of the downpayment" as part of the total sale price, it does not forbid creditors from charging a down payment. 15 U.S.C. § 1638(a)(8). The RISC financing agreement signed by DeShields clearly states that a $5,000 down payment was included in the total sale price. Ex. 1 at 1. Accordingly, DeShields fails to allege any facts to support a claim that the down payment disclosure violated TILA.

Mr. DeShields further argues that gap insurance requirements were "not conspicuously disclosed in the loan agreement terms." Compl. ¶ 5.[3] TILA does not require lenders to provide gap insurance, but regulations implementing TILA require lenders to disclose premiums from finance charges, such as gap insurance. 12 C.F.R. §§ 226.4, 17, 18. DeShields' RISC agreement

---

[2] Both the Complaint and attached RISC involve Richard DeShields' purchase of a Dodge Durango from Rolls Auto Dealership for a total price of $38,000, using financing with a $5,000 down payment. Compl. ¶ 3-4; Ex. 1.

[3] To the extent that this paragraph could be alternatively interpreted as claiming that Rolls Auto's requirement that purchasers have liability insurance before driving off the lot is unlawful, DeShields fails to allege sufficient facts or any legal authority to support a claim. Vehicle owners in Pennsylvania are always required to have liability insurance to drive. 75 Pa. C.S. § 1786.

clearly and conspicuously discloses that there was no "Optional Gap Contract," lists the monthly gap insurance charges as "N/A," and states that "[a] gap contract . . . is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge." Ex. 1 at 2 ¶ 4(D); *id*. at 5. The RISC loan agreement therefore did not include gap insurance coverage, did not charge gap insurance premiums, and in any event made numerous gap insurance disclosures. As such, DeShields' allegations fail to support a claim that the gap coverage disclosures violated specific TILA requirements.

Lastly, Plaintiff fails to show how issuing a "loan check" to the Durango seller rather than to DeShields violated any requirement under TILA. Compl. ¶¶ 6-7. TILA does not prohibit creditors from delivering payments directly to the seller. *See* 15 U.S.C. §§ 1601-1693r. In fact, most credit purchases operate exactly this way. Accordingly, DeShields has not stated a plausible claim.

Therefore, I will dismiss Mr. DeShields' claim that Defendant GM Financial violated TILA.

**B. Fair Credit Reporting Act**

DeShields also brings a Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., claim against Defendants. Compl. ¶ 9.[4] FCRA is intended "to protect consumers from the

[4] Though DeShields specifically claims that Defendants have violated 15 U.S.C. § 1681b(2), this claim does not survive a motion to dismiss. § 1681b involves the permissible uses of consumer reports, and § 1681b(2) involves the furnishing and use of consumer reports for employment purposes. 15 U.S.C. § 1681b. In his Complaint, DeShields does not allege any facts related to employment, the use and distribution of consumer reports, or any other facts that would allow a claim brought under this section to survive a motion to dismiss. Furthermore, DeShields cannot collect against a furnisher of information – as he alleges Defendants are – under § 1681b. I will therefore liberally construe this as a claim under 15 U.S.C. § 1681s instead.

transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (quotations omitted). FCRA requires furnishers of information[5] to consumer reporting agencies to provide accurate information, 15 U.S.C. § 1681s-2(a), and investigate the completeness and accuracy of information furnished *if* a consumer disputes the information with a credit reporting agency, 15 U.S.C. § 1681s-2(b). *See also SimmsParris v. Countrywide Fin. Corp*., 652 F.3d 355, 357 (3d Cir. 2011). A private citizen seeking to recover damages against a furnisher of information for a violation of FCRA can only recover under 15 U.S.C. § 1681s-2(b). *Id*. at 358.

To bring a claim under 15 U.S.C. § 1681s-2(b), a plaintiff must establish three elements: (1) he notified the consumer reporting agency of the disputed information, (2) the consumer reporting agency notified the defendant furnisher about the dispute, and (3) the furnisher failed to investigate and modify inaccurate information. *See, e.g.*, *id*. at 359. Under this subsection, the notice to furnishers of information "must be given by a credit reporting agency, and cannot come directly from the consumer." *Id.* at 358.

DeShields' Complaint does not include sufficient factual allegations to establish a cause of action against a furnisher of credit information under FCRA. DeShields does not allege that anything in his consumer report was inaccurate and therefore subject to dispute. He does not claim he contacted a consumer reporting agency about any alleged issue. Further, he does not allege that

---

[5] The Complaint does not allege that Defendants are consumer reporting agencies as defined by the FCRA. 15 U.S.C. § 1681a(f). Because the Complaint appears to take issue with the information provided by Defendants about the car loan debt to his credit profile, I will construe it liberally and interpret it as a claim against Defendants as furnishers of credit information.

any consumer reporting agency notified Defendant GM Financial of a dispute or that GM Financial failed to investigate allegedly inaccurate information. Instead, he claims that Defendants were "placed on administrative NOTICE . . . to Cease and desist the reporting of this debt immediately, or the Plaintiff will escalate this matter to legal action." Compl. at ¶ 9.

Accordingly, Plaintiff's FCRA claim against GM Financial cannot survive given the Complaint's sparse factual allegations.

**C. Fair Debt Collection Practices Act**

Mr. DeShields argues that Defendants sold his private information and alleged debt to third-party vendors and "parked" his debt on his consumer report in violation of the Fair Debt Collection Practices Act ("FDCPA"). However, the facts as alleged cannot conceivably establish that Defendants violated the FDCPA.

First, DeShields alleges that Defendants violated Regulation F, which regulates the activity of debt collectors under FDCPA. 12 C.F.R. Part 1006. DeShields claims that Defendants violated § 1006.30(a), which requires "debt collector[s]" to contact consumers prior to sharing debt information with consumer reporting agencies. 12 C.F.R. § 1006.30(a); Compl. ¶ 9. But this requirement applies only to debt collectors, which is defined to specifically exclude persons trying to collect a debt that either "originated" with that person or "was not in default at the time such person obtained it." 12 C.F.R. § 1006.2(i)(2)(vi). Because DeShields fails to allege that Defendants are debt collectors as defined by Regulation F – and in fact names GM Financial as the "lender" of the original loan and Rolls Auto as the seller of the vehicle, Compl. ¶ 3 – DeShields fails to state a claim.

Mr. DeShields also alleges that Defendants violated 15 U.S.C. § 1692b, which prohibits "debt collector[s]" from sharing certain information when they contact third parties to acquire

"location information about the consumer." This allegation similarly fails because the Complaint fails to allege any facts that either Defendant is a debt collector, as defined in the FDCPA. 15 U.S.C. § 1692a(6). DeShields also fails to allege any facts establishing that Defendant GM Financial contacted third parties to acquire location information about DeShields.

I will therefore dismiss DeShields' FDCPA claims.

**D. Aggravated Identity Theft**

DeShields next claims that Defendants committed the criminal felony of aggravated identity theft, 18 U.S.C. § 1028A. Compl. ¶ 11. Aggravated identity theft is a criminal statute without a private right of action. Instead, "[t]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district." *United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996). I will therefore grant GM Financial's motion to dismiss this claim with prejudice because any amendment would be futile.[6]

**E. Unspecified Claims**

DeShields also broadly argues that Defendants used his "personal information" in a "deceptive manner on commercial instruments . . . violating consumer protection laws." Compl. ¶ 6. This bare-bones allegation does not describe what Defendants did with this personal information, how it was used deceptively, what commercial instruments were at issue, or contain any facts to allow the court to draw any reasonable inference that Defendants committed misconduct. Consequently, I will dismiss this claim for failure to state a claim upon which relief can be granted.

---

[6] The Court "may deny leave to amend a complaint where it is apparent . . . the amendment would be futile." *United States ex rel. Schumann v. AstraZeneca Pharm. LP*, 769 F.3d 837, 849 (3d Cir. 2014) (internal citations omitted).

**F. State Law Claim**

Finally, DeShields claims that the "use of the loan check by Rolls Auto instead of issuing to the Plaintiff" violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). Compl. ¶ 7. I interpret this as alleging that the issuance of the loan check directly to Rolls Auto, the seller of the Durango, violates the UTPCPL. The UTPCPL bars "fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding." 73 P.S. § 201-2(4)(xxi). Even construing the Complaint liberally, DeShields' allegations under the UTPCPL are insufficiently developed to allow the court to reasonably infer that Defendant GM Financial committed any misconduct. Accordingly, Plaintiff's UTPCPL claim is implausible and I will dismiss this count.

**IV. Conclusion**

For the reasons set forth above, Mr. DeShields' claims against Defendant GM Financial will be dismissed for failure to state a claim. DeShields will have an opportunity to correct the defects in his TILA, FCRA, FDPCA, and UTPCPL claims against Defendant GM Financial by filing an amended complaint. Any amended complaint must clearly describe the factual basis for DeShields' claims, including relevant dates to assess whether claims are time-barred. And Mr. DeShields is cautioned that the precepts of Rule 11 of the Federal Rules of Civil Procedure apply with full force to litigants as well as lawyers. An appropriate Order follows.

/s/ Gerald Austin McHugh
United States District Judge